IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> CASHIER'S CHECK #927054 DATED 11/27/2024 IN THE AMOUNT OF $688,667.29 PAYABLE TO VIRGINIA PARMENTER ISSUED BY AMARILLO COMMUNITY FEDERAL CREDIT UNION. <br><br> *Defendant in Rem.* | Case No. 2:24-CV- 260 |

### UNITED STATES' COMPLAINT FOR FORFEITURE

The United States of America files this verified complaint *in rem* against the ("Defendant Property") as described in Section II., and in support states:

### I. JURISDICTION AND VENUE

1. This court has subject matter jurisdiction of this cause of action in rem by virtue of the provisions of 28 U.S.C. §§ 1345 and 1355(a). Venue is proper under 28 U.S.C. § 1355(b)(1) and 28 U.S.C. § 1395(b).

2. The statutory basis for this suit is 18 U.S.C. § 981(a)(1)(C). Also applicable are 28 U.S.C. §§ 2461 and 2465, 18 U.S.C. §§ 983, and Supplemental Rule G, Federal Rules Civil Procedure Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions.

**Complaint for Forfeiture – Page 1**

## II. DEFENDANT PROPERTY

3. The Defendant Property, which has been relinquished to and seized by the Federal Bureau of Investigation, and is located in the Northern District of Texas, is the following:

   a. **CASHIER'S CHECK #927054 DATED 11/27/2024 IN THE AMOUNT OF $688,667.29 PAYABLE TO VIRGINIA PARMENTER ISSUED BY AMARILLO COMMUNITY FEDERAL CREDIT UNION, INCLUDING UNDERLYING FUNDS RESTRAINED BY AMARILLO COMMUNITY FEDERAL CREDIT UNION.**



**Complaint for Forfeiture – Page 2**

## III. POTENTIAL CLAIMANTS TO DEFENDANT PROPERTY

4.   The names and last known addresses of those individuals or entities reasonably appearing to the government at this time that may be potential claimants to the Defendant Property are:

Virginia Parmenter
6666 Pavillard Dr., Spc 96
Amarillo, TX 79108

Notice of this complaint will be provided to the above-listed individuals and/or entities.

## IV. STATUTORY BASIS

5.   The Defendant Property is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) because it is property that constitutes or is derived from proceeds traceable to bank fraud, in violation of 18 U.S.C. § 1344.

## V. FACTS SUPPORTING FORFEITURE

6.   The underlying facts involve a fraud scheme where beginning in or about October 2024 and continuing through about November 2024, VIRGINIA PARMENTER, along with others both known and unknown, did knowingly and willfully, by means of false or fraudulent pretenses, representations, or promises, obtain funds under the custody and control of a financial institution. These false and fraudulent claims were based upon representations made to Amarillo Community Federal Credit Union (ACFCU) for the purpose of opening a business checking account to receive and distribute funds to an unknown party.

7.   On or about October 15, 2024, PARMENTER, under the instruction of an unknown party, opened a business checking account at ACFCU in Amarillo, Texas, using the

business name LANE VALENTE INDUSTRIES, LLC. PARMENTER used a fictitious Employer Identification Number (EIN) and stated the purpose of the business as jewelry painting. PARMENTER listed her home address as the location for LANE VALENTE INDUSTRIES, LLC. PARMENTER is currently employed as a cashier at United Supermarkets. PARMENTER was the sole signatory on the account.

8. Between November 4 – November 18, 2024, PARMENTER received at least fifteen wire and ACH deposits, totaling $1,352,834.80, from DENOOYER CHEVROLET, an auto dealership in the Albany, NY area. ACFCU questioned PARMENTER about these deposits, and PARMENTER stated she did not know why she was receiving them or where they were coming from.

9. PARMENTER initiated numerous outgoing wire transfers and cash withdrawals from this account. PARMENTER initiated two wires totaling $188,196.30 to account LANE VALENTE INDUSTRIES, LLC at First National Bank, two wires totaling $266,080.06 to account UPHOLD HQ, INC at Cross River Bank, and a total of $70,300.00 in cash withdrawals in increments between $10,000-$20,000. In at least five instances, PARMENTER took these cash withdrawals to cryptocurrency ATM's located in Amarillo TX, deposited the cash, converted the funds to cryptocurrency, and transferred the funds to another cryptocurrency account at the direction of the same unknown party.

10. Citing this suspicious activity, ACFCU froze the account, no longer allowing PARMENTER to receive wires or ACH's. The balance of the account as of November 20, 2024, was $688,667.29. ACFCU requested PARMENTER come in person to close the account and receive a cashier's check for the balance.

11. On November 27, 2024 PARMENTER met with ACFCU at a branch in Amarillo TX to pick up the cashier's check. PARMENTER filled out paperwork to close the account and was given cashier's check #927054 dated 11/27/2024 for $688,667.29.

12. Law enforcement arrived at the ACFCU branch and requested to speak with PARMENTER about the account activity, to which she agreed. PARMENTER described to Agents how she began receiving texts from a man she believed to be JOHN LANGSTON, a country music singer based in Nashville, TN, whom she believes is her cousin that she met at her mother's funeral in Arkansas approximately two years ago. LANGSTON began texting and emailing PARMENTER a few months ago, providing her specific instructions to open bank accounts and receive and send funds. LANGSTON told PARMENTER to use the name LANE VALENTE INDUSTRIES, and to use a fictitious EIN. PARMENTER never spoke with LANGSTON over the phone or met him in person, other than supposedly meeting at the funeral two years prior. PARMENTER did not receive payment for conducting this activity, but LANGSTON did pay her electric bill once or twice. PARMENTER thought the requests from LANGSTON were strange, but thought she was helping out a family member. PARMENTER stated the requests were increasing in volume, and beginning to become time-consuming, but LANGSTON was insistent she continue. PARMENTER was informed by Agents that she may be acting as a "Money Mule" for LANGSTON, and was presented a "Money Mule Letter," a form acknowledging that she now understands that continuing this activity may be illegal, which she signed. PARMENTER stated she is done helping LANGSTON, and asked if she could give custody of the remaining funds to Law Enforcement. PARMENTER handed over the cashier's check and offered to help Law Enforcement with any further investigation.

13. Based on my training and experience and my knowledge of this investigation. I believe that PARMENTER is acting as an unknowing "Money Mule" for the person known to her as LANGSTON. Typically, this is a type of money laundering scheme involving criminals who falsely represent themselves as someone else, in order to trick victims into facilitating the movement of money obtained through fraud from other victims. These requests are typically masqueraded in ways such as online romance, business opportunities, or helping a previously unknown distant relative. Though PARMENTER may not have known the true source of the funds, she knowingly opened a business checking account with ACFCU under false pretenses, providing information she knew to be fictitious for the purpose of obtaining these funds. Therefore, based on a preponderance of evidence, the funds that the person known as LANGSTON deposited into PARMENTER's ACFCU bank account were obtained in violation of 18 U.S.C. § 1344.

## VI. RELIEF SOUGHT

THEREFORE, the United States requests the following:

A. Publication of notice of this forfeiture action be made by posting notice on the official government internet site, www.forfeiture.gov, for at least 30 consecutive days, in accordance with Supplemental Rule G(4)(a)-(5).

B. Direct notice of this forfeiture action be given to those persons who reasonably appear to be potential claimants in accordance with Supplemental Rule G(4)(b)-(5).

C. In order to avoid forfeiture of the Defendant Property, all persons having any interest in or right against the Defendant Property be advised by the public notice or the direct notice to timely file in this court a verified claim identifying the interest or right to the Defendant Property as required by Supplemental Rule G(5)(a) and 18 U.S.C. §983(a)(4)(A); and to file an answer to

**Complaint for Forfeiture – Page 6**

this Complaint for Forfeiture or motion under Fed. R. Civ. P. 12 in the manner required by the Supplemental Rule G(5)(b) and 18 U.S.C. § 983(a)(4)(B). Further, any person filing a verified claim of interest or right and/or an answer shall serve a copy on Dimitri N. Rocha, Assistant United States Attorney, 1100 Commerce Street, Suite 300, Dallas, Texas 75242.

D. Pursuant to Rule G(5)(a), the claim must (A) identify the specific property claimed; (B) identify the claimant and state the claimant's interest in the property, and (C) be signed by the claimant under penalty of perjury. Any person who asserts an interest in the Defendant Property must filed a verified claim within 35 days after the date the notice is sent if the notice is delivered by mail, or within 35 days of the date of delivery if the notice is personally served and not sent by mail.

E. Any person who files a verified claim must then file an answer to the complaint or a motion under Rule 12 within 21 days after filing the verified claim.

F. At the conclusion of this proceeding, the Defendant Property be condemned by order and judgment of this court and declared and decreed to be forfeited to the United States of America in accordance with law.

G. All costs and expenses incurred by the United States in obtaining the forfeiture of the Defendant Property be appropriately taxed against any person or entity who may file a verified claim and answer herein, and/or if more than one person or entity files a verified claim and answer herein be jointly taxed and prorated among them, as the court deems just and equitable.

H. The United States have such other and further relief, at law or in equity, to which it may show itself justly entitled.

**Complaint for Forfeiture – Page 7**

FILED 12/17/2024

> Respectfully submitted,
>
> LEIGHA SIMONTON
> UNITED STATES ATTORNEY
>
> /s/ *Dimitri N. Rocha*
> Dimitri N. Rocha
> Assistant United States Attorney
> Florida State Bar No. 693332
> 1100 Commerce Street, Third Floor
> Dallas, TX 75242-1699
> Telephone: 214-659-8650
> Facsimile: 214-659-8803
> Dimitri.Rocha@usdoj.gov
> ATTORNEYS FOR PLAINTIFF

**Complaint for Forfeiture – Page 8**

## VERIFICATION OF COMPLAINT

I, Andrew Beauchemin, am a Special Agent with the Federal Bureau of Investigation, and I have been assigned to assist in the forfeiture of the Defendant Property. I have read the foregoing Complaint for Forfeiture and know its contents. The information contained in the Complaint for Forfeiture has been furnished from official government sources and, based on my information and belief, the allegations contained in the Complaint are true and correct.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 17, 2024

Andrew Beauchemin
Special Agent
Federal Bureau of Investigation